UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

CELESTINO FLORES-HUERTA,

Petitioner,

v.

DAVE LINDEMANN, Special Agent, IMMIGRATION SERVICES, UNITED STATES OF AMERICA, et al.,

Respondents.

Civil File No. 00-1098 (MJD/SRN)

**REPORT AND RECOMMENDATION**

---

Celestino Flores-Huerta, Federal Medical Center, Rochester, Minnesota, 55903, Petitioner, pro se.

Friedrich A. P. Siekert, Assistant U.S. Attorney, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN, 55415, for Respondents.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter is before the undersigned Magistrate Judge of District Court on the petition of Celestino Flores-Huerta for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondents have filed an answer contending that Petitioner is not entitled to habeas corpus relief, and that his petition should be dismissed. The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it will be recommended that this action be dismissed with prejudice.

## I. BACKGROUND

Petitioner is a Mexican alien who has been convicted of violating U.S. drug laws. He is currently serving a 46-month prison sentence at the Federal Medical Center in

FILED NOV 01 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Rochester, Minnesota, ("FMC-Rochester"). He will be required to serve a five-year term of supervised release after he is released from prison, which is currently expected to occur on March 27, 2002. (Respondent's Exhibits, [Docket No. 5], Exh. C.)

Under federal law, when an alien is serving a prison sentence for a deportable offense, the Attorney General, acting through the Immigration and Naturalization Service, (INS), must make arrangements to take custody of the alien upon his release from prison.[1] 8 U.S.C. § 1226(c). To fulfill that responsibility, the INS typically issues a detainer, which informs the BOP of an alien's potential deportability, and requests the BOP's cooperation in order to ensure that the INS is able to secure custody of the alien when the BOP is ready to release him. 8 C.F.R. §287.7(a).[2]

In this case, the INS issued an "Immigration Detainer – Notice of Action" on September 3, 2000. (Respondent's Exhibits, Exh. D.) The detainer, which is addressed to FMC-Rochester, indicates that an "[i]nvestigation has been initiated to determine whether [Petitioner] is subject to removal from the United States" -- presumably because of his federal criminal conviction. The detainer also asks federal prison officials, inter alia,

---

[1] Petitioner expressly acknowledges that he is a "deportable alien." (Traverse, [Docket No. 8], p. 1, ¶ 1.)

[2] According to 8 C.F.R. § 287.7(a) --

> "A detainer serves to advise another law enforcement agency that the Service seeks custody of an alien presently in custody of that agency, for the purpose of arresting and removing the alien. The detainer is a request that such agency advise the Service, prior to release of the alien, in order for the Service to arrange to assume custody, in situations when gaining immediate custody is either impracticable or impossible."

to "accept this notice as a detainer," to notify the INS "of the time of [Petitioner's] release at least 30 days prior to release or as far in advance as possible," and to notify the INS "in the event of the inmate's death or transfer to another institution." (Id.) The detainer also specifically states that "[t]his is for notification purposes only and does not limit your discretion in any decision affecting the offender's classification, work and quarters assignments or other treatment which he or she would otherwise receive." (Id.)

The INS agent who issued Petitioner's detainer, Dave Lindemann, is the named Respondent in this action. Petitioner contends that Lindemann should be compelled to vacate the INS detainer at issue here, and that the INS should be ordered to immediately conduct a hearing to determine his deportability. Petitioner is also asking the Court to allow him to be released on bail.[3] For the reasons discussed below, the Court concludes that Petitioner cannot be granted any of the relief that he is seeking.

## II. DISCUSSION

A writ of habeas corpus directs the custodian of a prisoner to release the prisoner from his confinement, if such confinement has been shown to be unlawful. Campillo v. Sullivan, 853 F.2d 593, 595 (8th Cir. 1988)("[t]he Writ of Habeas Corpus functions to grant relief from unlawful custody or imprisonment"), cert. denied, 490 U.S. 1082 (1989). If the prisoner is not in the custody of the party against whom relief is sought, then a writ of habeas corpus cannot be granted. Id.

---

[3] The petition included a demand for money damages in the amount of $10,000, but Petitioner has withdrawn that demand. (Traverse, pp. 2-3, ¶ 6.)

In this case, Petitioner is currently in the custody of the federal Bureau of Prisons, ("BOP"), serving a prison sentence for his federal criminal offense. However, Petitioner is not challenging the propriety of the BOP's custody. He is not attacking his conviction or sentence; he is not challenging the fact or duration of his confinement; and he is not otherwise claiming that the BOP should release him any earlier than it is planning to do so. Instead, it clearly appears that Petitioner is actually seeking relief from the INS. More specifically, he is asking the Court to vacate the INS detainer and direct the INS to immediately conduct a hearing on his deportability. Such relief is not available by writ of habeas corpus, however, because Petitioner is not in INS custody at this time.

According to Campillo, an alien who is committed to the BOP to serve a federal prison sentence following a criminal conviction is considered to be in BOP custody -- not INS custody. 853 F.2d at 595. If the INS determines that an alien in BOP custody may be deportable, then the INS may issue a detainer notifying the BOP of the alien's potential deportability – which is what the INS did in Petitioner's case. By issuing such a detainer, however, the INS does not take a prisoner into custody. The detainer "merely notifies prison officials that a decision regarding [the alien's] deportation will be made by the INS at some future date." Id.

Thus, our Court of Appeals has expressly concluded that "[t]he filing of an INS detainer, standing alone, does not cause a sentenced offender to come within the custody of the INS for purposes of a petition for a writ of habeas corpus." Id. The Eighth Circuit has specifically rejected the suggestion that an INS detainer, such as the one issued in the present case, might give the INS constructive custody, or "technical custody," of an alien

who is serving a federal prison sentence in a BOP facility. In the words of the Court "[w]e do not believe that the filing of a detainer with prison officials amounts to the taking into custody, technical or otherwise, of the petitioner". Id. at 596.

Based on Campillo, the Court concludes that habeas corpus relief cannot be granted to Petitioner in this case, because he is not presently in the custody of the party against whom relief is sought -- namely the INS.[4] As long as Petitioner is not in INS custody and his deportability has not yet formally become an issue, the federal habeas corpus statutes do not provide a means to either (a) challenge the validity of his INS detainer, or (b) force the INS to expedite its resolution of his deportability.[5]

Furthermore, Petitioner is simply not entitled to any form of relief based on the allegations set forth in his current petition -- under the habeas corpus statutes or

---

[4] Decisions from other circuits are consistent with Campillo, and lend further support to the Court's conclusion. See, e.g., Garcia v. Taylor, 40 F.3d 299, 303 (9th Cir. 1994)("bare detainer letter does not sufficiently place an alien in INS custody to make Habeas corpus available"); Prieto v. Gluch, 913 F.2d 1159, 1162-64 (6th Cir. 1990)(same), cert. denied, 498 U.S. 1092 (1991); Orozco v. INS, 911 F.2d 539, 541 (11th Cir. 1990)(same).

The case cited in Petitioner's Memorandum, (Docket No. 2), Alanis-Bustamante v. Reno, 201 F.3d 1303 (11th Cir. 2000), is inapposite. When the petitioner in that case filed his habeas corpus petition, he was actually in INS custody and was challenging an INS deportation order -- not a detainer. The instant Petitioner, however, is neither in INS custody nor challenging an INS deportation order. His circumstances are therefore substantially different from those confronting the petitioner in Alanis-Bustamante.

[5] Petitioner argues, inter alia, that he is entitled to habeas corpus relief because, in the past, other aliens allegedly have been illegally detained by the INS for extended periods after completing their federal prison terms. The Court cannot simply assume, however, that Petitioner will suffer such a fate. If Petitioner is indeed detained by the INS after his prison sentence has been served, he will then be in INS custody and the jurisdictional barrier identified in Campillo will no longer exist, (although other barriers to habeas relief may still exist).

otherwise. He is not entitled to any relief based on his conclusory assertion that the INS has violated his right to due process, because has not shown that the INS has deprived him of any constitutionally protected life, liberty or property interest. See Ragan v. Lynch, 113 F.3d 875, 876 (8th Cir. 1997) ("[a] due process claim is cognizable only if there is a recognized liberty or property interest at stake"). Petitioner has not explained how the INS could have deprived him of any constitutionally protected interest merely by issuing a document, (i.e., the detainer), that asks the BOP to notify the INS when Petitioner is about to be released from prison. So far, that appears to be the only thing the INS has done.

Petitioner apparently believes that the INS has deprived him of a protected liberty interest, because its detainer has affected BOP decisions regarding his prisoner classification and his eligibility for various prison privileges. However, it is the BOP alone -- not Respondents Dave Lindemann and/or the INS -- that is responsible for Petitioner's prisoner classification and the conditions of his confinement. The INS detainer clearly states that as far as the INS is concerned the detainer "is for notification purposes only and does not limit [the BOP's] discretion in any decision affecting the offender's classification, work an quarters assignments, or other treatment which he or she would otherwise receive." (Respondent's Exhibits, Exh. D.)

Moreover, even if Petitioner had brought this action directly against the BOP, he still could not sustain any claim based on the manner in which the INS detainer has affected the conditions of his confinement. Any such claim is foreclosed by the Eighth Circuit's decision in Mohammed v. Sullivan, 866 F.2d 258, 260 (8th Cir. 1989). In that case, the Court considered whether a prisoner might be entitled to "mandamus or equitable relief...

against prison officials for considering [an] INS detainer in assessing his security and custody classification." Id. at 260 (footnote omitted). The Court concluded that no such relief could be granted because, "[u]nder the applicable Bureau of Prisons regulations, prison officials can consider an INS detainer in assessing a prisoner's security and custody classification." Id. Thus, according to Mohammed, the BOP can properly consider Petitioner's detainer for purposes of determining his custody classification and the concomitant privileges for which he is eligible. See also Roberts v. Matthews, No. 88-3014-O, (D.Kan. 1990), 1990 WL 203153 at *1 (an INS detainer is not statutorily or constitutionally objectionable simply because it affects an inmate's status within the prison, because "[p]risoner classification... in the federal system is within the complete discretion of federal prison officials"); Walford v. INS, 48 F.3d 477, 478 (10th Cir. 1995) (INS detainer that prevented inmate from participating in prison programs did not trigger due process concerns); Moody v. Daggett, 429 U.S. 78, 88, n. 9 (1976) (rejecting inmate claim that detainer "adversely affect[ed] his prison classification and qualification for institutional programs" because "Congress has given federal prison officials full discretion to control these conditions of confinement").

It also should be specifically noted that Petitioner is not entitled to any relief simply because his detainer has caused him to be ineligible for a sentence reduction pursuant to 18 U.S.C. § 3621(e)(2)(B).[6] Petitioner does not have a protected liberty interest in

---

[6] Section 3621(e)(2)(B) provides that

> "The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a [substance abuse] treatment program may be reduced by the Bureau of

securing an early release under § 3621(e)(2), (Staszak v. Romine, No. 99-2519 (8th Cir. 2000), 2000 WL 862836 (unpublished opinion)[7]), and the BOP is clearly authorized to exclude inmates with INS detainers from the sentence reduction program. McClean v. Crabtree, 173 F.3d 1176 (9th Cir. 1999), cert. denied, 120 S.Ct. 814 (2000); Birth v. Crabtree, 996 F.Supp. 1014 (D.Or. 1998). See also Bellis v. Davis, 186 F.3d 1092, 1094 (8th Cir. 1999) (noting that the language in § 3621(e)(2)(B) "is discretionary and does not mandate that the BOP grant a sentence reduction to any particular inmate or class of inmates"), cert. granted, 120 S.Ct. 1717 (2000).

Petitioner has also argued that he is entitled to an expedited determination of his deportability under the Sixth Amendment and the Interstate Agreement on Detainers. Those contentions warrant only brief discussion. The Sixth Amendment's speedy trial provision is wholly inapplicable, because deportation proceedings are civil in nature. Preito, 913 F.2d at 1161. For the same reason, Petitioner "has no remedy under the Interstate Agreement on Detainers." Id. See also, Gonzalez v. INS, 867 F.2d 1108 (8th Cir. 1989) (federal inmate has no statutory right to expeditious deportation hearing); Herbage v. Carlson, No. 92-1920 (8th Cir. 1992), 1992 WL 323466 (unpublished opinion) (district court properly dismissed habeas corpus petition filed by FMC-Rochester inmate "seeking an immediate deportation hearing by the [INS]").

---

> Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve."

[7] Unpublished opinions can properly be relied upon as precedential case law in actions decided within the Eighth Circuit. Anastasoff v. U.S., 223 F.3d 898 (8th Cir. 2000).

Finally, Petitioner clearly has no right to be released on bail. He is still serving a federal prison sentence, the validity of which is unchallenged. Petitioner has offered no legal authority or plausible rationale to support his request for release on bail at this time, and the Court cannot conceive of any grounds on which such relief could be granted.[8]

**III. CONCLUSION**

For the reasons discussed above, the Court concludes that Petitioner is not currently entitled to any relief in this matter -- under 28 U.S.C. § 2241 or otherwise. It is therefore recommended that this action be dismissed with prejudice.

Given the Court's determination that Petitioner has not presented any viable grounds for the relief that he is seeking, his "Motion For Appointment Of Counsel And Interpreter," (Docket No. 7), should be denied. See Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (1995) (appointment of counsel should be considered if the claimant has stated a facially cognizable claim for relief). This action is not being dismissed because Petitioner has presented his claims in an improper or incoherent manner, but because his claims are simply not viable. Petitioner has not shown (or even argued) that he is legally entitled to a court-appointed attorney and/or interpreter in this matter, and the Court finds no reason to believe that the appointment of either an attorney or an interpreter would benefit either Petitioner or the Court. See McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997) (when considering a prisoner request for appointment of counsel, a court should consider whether both the petitioner and the court would benefit

---

[8] In his traverse, Petitioner apparently concedes that he is not entitled to release on bail, acknowledging that "it is a moot point as the petitioner is currently serving a criminal sentence in the Bureau of Prisons." (Traverse, p. 7, ¶ B.)

from representation by counsel for both parties).

**IV. RECOMMENDATION**

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, (Docket No. 1), be DENIED;

2. Petitioner's "Motion For Appointment Of Counsel And Interpreter," (Docket No. 7), be DENIED; and

3. This action be DISMISSED WITH PREJUDICE.

Dated: October 31, 2000

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.